

The following constitutes the order of the Court.
Signed: February 19, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CHRISTOPHER DUNCAN WETTERSTEN,<br><br>Debtor. | Case No. 17-42458 CN<br><br>Chapter 7 |
| FRANK DITTO,<br><br>Plaintiff,<br>vs.<br><br>CHRISTOPHER DUNCAN WETTERSTEN,<br><br>Defendant. | Adversary No. 18-04052<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STAYING ORDER FOR FURTHER PROCEEDINGS** |

    Plaintiff Frank Ditto commenced this adversary proceeding on February 14, 2018. His complaint alleges that Defendant Christopher Wettersten willfully and maliciously injured Ditto by throwing a World War 2 era rifle bullet into a campfire during a Fourth of July party in a live-work warehouse studio, which caused fragments of the bullet to lodge in Ditto's chin and throat. Ditto sued Wettersten and others in Alameda County Superior Court to recover damages for his injuries, which litigation was stayed by Wettersten's Chapter 7 bankruptcy. Ditto asserts herein that his claim against Wettersten is a nondischargeable debt under Bankruptcy §523(a)(6). Both parties are *pro se* litigants. During the course of discovery, Ditto did not timely respond to Wettersten's requests for admission, and Wettersten has filed a motion for summary judgment under Federal Rule of Bankruptcy Procedure 7056 (the "Motion") asserting that Ditto's admissions mandate a judgment in

his favor.  Wettersten filed his summary judgment motion on January 11, 2019, which this court heard on February 11, 2019. For the reasons stated below, the court grants the Motion, but stays this order for ten days to allow Ditto to file a formal, noticed motion under Federal Rule of Bankruptcy Procedure 7036(b).

`       The summary judgment standard under FRBP 7056 is well settled.   Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Only disputes "over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  This court's duty on a motion for summary judgment is not to weigh the evidence and decide the truth of the allegations, but to determine whether there is a genuine issue for trial.  Id. at 249.  A party's admissions under Federal Rule of Bankruptcy Procedure 7036 may form the ground for summary judgment. *See American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117,1120 (5th Cir. 1991).

The Motion establishes that Ditto did not timely respond to Wettersten's requests for admission (the "Requests").  Wettersten served the Requests by first class mail on October 2, 2018, and Ditto did not serve his responses until November 14, 2018.  As a result, Ditto admitted the factual allegations in the Requests. *See* Federal Rule of Bankruptcy Procedure 7036; Federal Rule of Civil Procedure 36(a)(3).  While some of the Requests are inconsistent (compare Request Nos. 2 and 3), Ditto's failure to timely respond to the Requests establishes, *inter alia*, that a) Wettersten "did not place a live bullet into a fire pit, as alleged in your complaint" (Request No. 1); b) Wettersten "did not willfully cause you damages, as alleged in your complaint" (Request No. 5); c) Wettersten "did not maliciously cause you damages, as alleged in your complaint" (Request No. 6); d) Ditto has "no proof that [Wettersten] caused you any damages" (Request No. 7); e) "[N]o person saw [Wettersten] plac[e] a live bullet into the fire pit, as alleged in your complaint (Request No. 8); and f) Ditto does not know of any person why (sic) can testify that [Wettersten] placed a live bullet into the fire pit, as

2

ORDER GRANTING SUMMARY JUDGMENT

alleged in your complaint (Request No. 9).

In light of these admissions, Wettersten is entitled to summary judgment. To establish a claim for relief under Bankruptcy Code §523(a)(6), Ditto must prove that Wettersten's conduct was willful and malicious and that it injured him. Ditto must satisfy both the willful and malicious elements of this claim for relief. *See In re Barboza,* 545 F.3d 702, 706 (9th Cir. 2008). Willfulness requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself. *In re Suarez,* 400 B.R. 732, 736-37 (Bankr. 9th Cir. 2009), citing *In re Su*, 290 F.3d 1140 (9th Cir. 2002). The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *Id.* An injury is 'malicious' if it arose from 1) a wrongful act 2) done intentionally 3) which necessarily causes injury and 4) is done without just cause or excuse. *In re Barboza,* 545 F.3d 702, 706 (9th Cir. 2008).

Ditto's binding admissions fully undermine his claim for relief and prevent him from creating any triable issue of fact that would necessitate a trial on the merits. While Ditto's opposition to the Motion was rambling and often poorly focused, it did, by implication, request that this court provide him relief from the draconian result of his untimely responses. This court cannot, however, consider Ditto's responses unless he files a noticed motion seeking such relief. Under F.R.B.P. 7036(b), an admission cannot be amended or withdrawn except by leave of court after noticed motion. This applies both to express admissions and those resulting from a failure to respond. Fed. R. Civ. P. 36(b); *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). A formal motion to amend or withdraw is the proper procedural vehicle to withdraw admissions under these circumstances. *See Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1059 (7th Cir. 2000). Accordingly, and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is granted. Entry of the order granting the Motion is stayed until **April 14, 2019.** If Ditto wishes to file a motion to amend or withdraw his admissions, he shall do so no later than **March 11, 2019** and notice the motion for hearing on shortened time on **April 11, 2019** at **10:00 a.m.**

*** END OF ORDER ***

AP No. 18-04052

**COURT SERVICE LIST**

Frank Ditto
c/o John F. Lee
15 Boardman Place
2nd Floor
San Francisco, CA 94103

Christopher Duncan Wettersten
4001 San Leandro Street, #12
Oakland, CA 94601

Other recipients are ECF participants.